*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HONORABLE SOUREN, LLC,

        Plaintiff-Appellant,

v

COUNTY OF WAYNE, ERIC R. SABREE, A-1
REALTY GROUP, LLC, CITY OF DETROIT,
UNITED COMMUNITY HOUSING COALITION,
and ANTHONY EUGENE PARKER, III,

        Defendants-Appellees.

UNPUBLISHED
November 19, 2025
10:40 AM

No. 367749
Wayne Circuit Court
LC No. 23-003339-CH

Before: GARRETT, P.J., and PATEL and YATES, JJ.

PER CURIAM.

In this action to quiet title, plaintiff appeals by right the trial court order granting summary disposition to defendants, the County of Wayne and Eric R. Sabree (the Wayne County Treasurer) (collectively, the county defendants). We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

This case involves the tax foreclosure of two properties in Wayne County, Michigan that were owned by plaintiff: (1) tax parcel number 21081019, commonly known as 9964 E. Outer Drive, Detroit, Michigan (the Outer Drive property), and (2) and tax parcel number 22058578, commonly known as 14440 St. Marys, Detroit, Michigan (the St. Marys property).

In April 2016, Top Renta, LLC conveyed its ownership interest in the Outer Drive property to plaintiff. The recorded quitclaim deed listed a Florida address for plaintiff and directed that all subsequent tax bills be sent to the Florida address. In October 2017, BPH Michigan Group, LLC conveyed its interest in the Outer Drive property to plaintiff. The recorded warranty deed listed the Outer Drive property address as plaintiff's postal address and directed that all subsequent tax bills be sent to plaintiff at that address.

-1-

In February 2017, DET 123 Fund LLC conveyed the St. Marys property to plaintiff. The recorded warranty deed listed the St. Marys property address as plaintiff's postal address. The deed directed that all subsequent tax bills be sent to plaintiff at 302 South Main Street, Suite 200, Royal Oak, Michigan, which is the same address that was listed for DET 123.[1]

Plaintiff fell behind on its property taxes for both properties. Pursuant to the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, the properties were forfeited to the Wayne County Treasurer in March 2021. The forfeitures were recorded in April 2021. The Wayne County Treasurer, acting as the foreclosing governmental unit (FGU) for Wayne County, petitioned the circuit court for foreclosure of the properties in June 2021.

On October 21, 2021, a representative of the Wayne County Treasurer personally visited the St. Marys property. On November 3, 2021, another representative personally visited the Outer Drive property. Although both properties were occupied at the time of the personal visits, the representatives were unable to personally serve notices of the show-cause hearing and judicial foreclosure hearing on the occupants. Each representative attested in signed, notarized statements that the following action was taken for the properties:

> A copy of the Notice of Show Cause Hearing and Judicial Foreclosure Hearing explaining that this property will be foreclosed and the occupant will be required to vacate unless all forfeited unpaid delinquent taxes, interest, penalties, and fees are paid, of the time within which all forfeited unpaid delinquent taxes, interest, penalties and fees must be paid, and a listing of agencies or other resources that may be available to assist the owner to avoid loss of the property, as well as instruction in multiple languages urging the documents and the information sheet be translated, were placed in a conspicuous manner on the property and a photograph of the property was taken.

The Wayne County Treasurer mailed plaintiff notices of the show-cause hearing and the foreclosure hearing for each property. The notices were addressed to plaintiff and sent by certified mail, return receipt requested on December 8, 2021. In addition, the Wayne County Treasurer sent the notices to plaintiff by first-class mail on January 4, 2022. The notices included legal descriptions of the properties and stated that the properties were forfeited to Wayne County on March 1, 2021 for delinquent taxes. The notices included the dates, times, and locations of both the show-cause hearing and the judicial foreclosure hearing in circuit court. The notices also warned that if the delinquent taxes, interest, penalties, and fees were not paid by the final redemption deadline, the judgment would vest absolute title to the property in the Wayne County Treasurer. The notices stated the amount required to redeem, explained plaintiff's rights of redemption, and warned that the redemption period would expire on March 31, 2022, or in a contested case within 21 days of the entry of a judgment of foreclosure. The notices also included

---

[1] The Royal Oak address was also listed for Top Renta and BPH Michigan on the deeds for the Outer Drive property.

a statement that plaintiff could lose its legal ownership interest as a result of the foreclosure proceedings.

The notices for the Outer Drive property were sent to the Outer Drive property address and the Russell Street address. The certified mailing was delivered to the Outer Drive address on December 13, 2021 and signed for by an individual. The post office did not verify delivery of the certified mailing for the Russell Street address.[2] The first-class mailings were presumably delivered to both addresses.

The notices for the St. Marys property were sent to the St. Marys property address and the Royal Oak address listed on the recorded warranty deed. The first-class and certified mailings were delivered to the St Marys address. However, the certified mailing to the Royal Oak address was returned as undeliverable, and there was a notation that the property was vacant.

In addition to the personal visits, the certified mailings, and the first-class mailings, notice of the show-cause and foreclosure hearings was published in the Detroit Legal News for two successive weeks, once each week, on December 7, 2021 and December 14, 2021.

Hearings were held on February 23, 2022, February 24, 2022, and March 23, 2022. The petition for foreclosure was granted, and an uncontested judgment of foreclosure was entered on March 30, 2022. Notably, the circuit court acknowledged that the Wayne County Treasurer filed proof that the notice of the hearing was served and published as required under the GPTA and found "that all those entitled to notice and an opportunity to be heard have been provided that notice and opportunity."

Plaintiff did not redeem the properties by the March 31st deadline or appeal the judgment of foreclosure. Therefore, fee simple title to the properties vested in the Wayne County Treasurer under MCL 211.78k(6).

On or about May 9, 2022, the Wayne County Treasurer mailed plaintiff notices advising of its right to claim remaining foreclosure auction proceeds. The notice for the Outer Drive property was sent by first-class mail to plaintiff at the Russell Street address. The notice for the St. Marys property was sent by first-class mail to plaintiff at the St. Marys property address. The notices informed plaintiff that Form 5743 must be filed with the Wayne County Treasurer by July 1, 2022 to claim and receive any applicable surplus from the tax-foreclosure sale of its former properties.

In August 2022, defendant City of Detroit exercised its right of first refusal and purchased the Outer Drive property from the Wayne County Treasurer for $3,743.29, which was more than the delinquent property taxes, interest, penalties, and fees. The City then quitclaimed its property interest to defendant United Community Housing Coalition (UCHC). Thereafter, UCHC entered

---

[2] The Wayne County Treasurer's mail log reflected that the certified mailing to the Russell Street address was "awaiting delivery scan." As of March 13, 2023, the USPS online tracking information reflected that, on December 17, 2021, the certified mailing was "Moving through Network, In Transit, Arriving Late," but provided no further updates.

into a land contract with defendant Anthony Eugene Parker. In November 2022, the St. Marys property was purchased by defendant A-1 Realty Group, LLC, at public auction for $67,000, which was more than the delinquent property taxes, interest, penalties, and fees.

In March 2023, plaintiff commenced this action seeking to quiet title to both properties. Alternatively, plaintiff alleged inverse condemnation and due process claims against the county defendants for the surplus proceeds remaining from the sale of each parcel. In lieu of an answer, the county defendants moved for summary disposition under MCR 2.116(C)(4), (7), (8), and (10).[3] The county defendants argued that the trial court did not have subject-matter jurisdiction to set aside the uncontested judgment of foreclosure because plaintiff was provided with notice sufficient to satisfy the minimum due process requirements, but failed to redeem the property and did not appeal the judgment of foreclosure. The county defendants further asserted that plaintiff was not entitled to any remaining proceeds from the tax-foreclosure sale because it failed to follow the statutory procedures outlined in MCL 211.78t to claim an interest in the remaining proceeds. The county defendants also argued that plaintiff could not maintain its inverse condemnation claim because the uncontested judgment of foreclosure extinguished any right or title that plaintiff may have had to the subject properties. The county defendants additionally asserted that there was no factual support for plaintiff's due process claim, the relief requested was barred under MCL 211.78k, the claims were barred by governmental immunity, the trial court did not have equitable jurisdiction, the claims were barred by res judicata and collateral estoppel, and plaintiff lacked standing.[4]

Plaintiff maintained that the trial court had jurisdiction to modify or set aside the judgment of foreclosure because the county defendants failed to provide notice that satisfied the minimum due process requirements. Plaintiff contended it never received notice of the foreclosure proceedings. Plaintiff argued that the county defendants had a statutory duty to conduct further inquiry when they were informed that two of the notices sent by certified mail were not delivered. Specifically, plaintiff alleged that the notices for both properties should have been mailed to the Fort Lauderdale address identified in the 2017 quitclaim deed for the Outer Drive property. Plaintiff further asserted that the notices did not include all of the details required by the GPTA, such as plaintiff's right to claim an interest in surplus proceeds following a foreclosure sale. Plaintiff requested "that it be provided with an opportunity to conduct discovery on the facts and circumstances of Defendant Treasurer's foreclosure process with respect to the subject properties,

---

[3] The county defendants also moved for summary disposition under MCR 2.116(I)(2), but this subrule was inapplicable to the county defendants because they were the moving parties. See *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 658; 651 NW2d 458 (2002) (holding that summary disposition is properly granted to the *opposing party* under MCR 2.116(I)(2) if it appears to the court that the opposing party, rather than the moving party, is entitled to judgment as a matter of law).

[4] A-1 Realty also moved for summary disposition in lieu of an answer under MCR 2.116(C)(7), (9), and (10) arguing that plaintiff's claim to the St. Marys property was barred by res judicata and/or collateral estopped because plaintiff did not timely challenge the foreclosure despite sufficient notice of the foreclosure proceedings from the county defendants.

i.e., what was available, what was researched, what was known by whom and when, what was done about it, etc."

The trial court concluded that the minimum due process requirements were met and therefore it did not have jurisdiction to set aside or modify the foreclosure judgment. The trial court further concluded that the county defendants notified plaintiff of its right to claim surplus proceeds, but plaintiff failed to file the notice required by MCL 211.78t(2). Accordingly, the trial court granted the county defendants' motion for summary disposition, and dismissed A-1 Realty's motion for summary disposition as moot. Plaintiff now appeals.

## II. STANDARDS OF REVIEW

The county defendants moved for summary disposition under MCR 2.116(C)(4), (7), (8), and (10). "We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).

"A motion for summary disposition under MCR 2.116(C)(4) tests the trial court's subject-matter jurisdiction." *Mays v Governor*, 506 Mich 157, 180; 954 NW2d 139 (2020). "Jurisdictional questions under MCR 2.116(C)(4) are questions of law that are also reviewed de novo." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 713-714; 909 NW2d 890 (2017) (cleaned up). Both parties can support or oppose a motion under MCR 2.116(C)(4) through affidavits, depositions, or other documentary evidence. *Id*. at 714. A trial court must dismiss an action when it lacks subject-matter jurisdiction. *Id*.

Summary disposition is proper under MCR 2.116(C)(7) if "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . prior judgment [or] immunity granted by law . . . ." MCR 2.116(C)(7). "When reviewing a motion for summary disposition under MCR 2.116(C)(7), this Court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Adam v Bell*, 311 Mich App 528, 530; 879 NW2d 879 (2015) (cleaned up).

"A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159. "Where a motion for summary disposition is brought under both MCR 2.116(C)(8) and (C)(10), but the parties and the trial court relied on matters outside the pleadings, as is the case here, MCR 2.116(C)(10) is the appropriate basis for review." *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008). Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (cleaned up). When reviewing a motion for summary disposition under MCR 2.116(C)(10), a court must consider the evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*.

We also review questions of law—including the interpretation and application of constitutional provisions and statutes—de novo. *In re Muskegon Co Treasurer for Foreclosure,* 348 Mich App 678, 687; 20 NW3d 337 (2023).

## III. JURISDICTION TO SET ASIDE FORECLOSURE

Plaintiff argues that the trial court erred by concluding that it did not have jurisdiction to set aside the judgment of foreclosure because genuine issues of material fact exist whether the Wayne County Treasurer's attempts to provide notice were constitutionally sufficient and whether the Wayne County Treasurer failed to take reasonable additional steps to provide notice. At a minimum, plaintiff contends that it should have been afforded an opportunity to conduct discovery before the trial court ruled on the county defendants' motion for summary disposition. We disagree.

The GPTA authorizes a governmental unit to seize and sell real property "to satisfy the unpaid delinquent real-property taxes as well as any interest, penalties, and fees associated with the foreclosure and sale of [the property]." *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 474; 952 NW2d 434 (2020); see also MCL 211.78. Property owners have a constitutional right to the due process of law in tax-foreclosure proceedings. *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008). In *Sidun*, our Supreme Court explained the constitutional minimum due process-requirement:

> Proceedings that seek to take property from its owner must comport with due process. A fundamental requirement of due process in such proceedings is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950). Interested parties are "entitled to have the [government] employ such means 'as one desirous of actually informing [them] might reasonably adopt' to notify [them] of the pendency of the proceedings." *Dow v Michigan*, 396 Mich 192; 240 NW2d 450 (1976), quoting *Mullane*, *supra* at 315. That is, the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice. *Mullane*, *supra* at 315. However, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Jones* [*v Flowers*, 547 US 220, 226; 126 S Ct 1708; 164 L Ed 2d 415 (2006)]. [*Id.*]

In *2 Crooked Creek, LLC v Cass Co Treasurer*, 507 Mich 1, 10; 967 NW2d 577 (2021), our Supreme Court further explained the GPTA's procedural safeguards:

> Before the foreclosure judgment is entered, the GPTA provides various procedural safeguards to afford those with an interest in the property notice of the foreclosure by mail, by publication, and by a personal visit to the property, and it provides an opportunity to be heard via a show-cause hearing and judicial foreclosure hearing. Once the foreclosure judgment enters and the redemption and appeal periods expire, fee simple title to the property vests in the foreclosing governmental unit. Once entered, circuit courts generally may not alter a judgment of foreclosure.

Before providing notice of foreclosure proceedings, the FGU must conduct a records search to identify the persons with an interest in the subject property who are entitled to notice and

determine the address reasonably calculated to apprise each person of the show-cause and foreclosure hearings. MCL 211.78i(1), (2), (6). The FGU must serve notices of the hearings on all persons with an interest in the forfeited property "by certified mail, return receipt requested, not less than 30 days before the show cause hearing." MCL 211.78i(2).

In addition, the GPTA requires the FGU to make a personal visit to the forfeited property to determine if it is occupied and, if so, attempt personal service on the occupant and verbally inform the occupant of the impending foreclosure. MCL 211.78i(3). However, if the FGU is unable to personally meet with the occupant, it must

> place in a conspicuous location on the property a notice that explains, in plain English, that the property will be foreclosed unless forfeited unpaid delinquent taxes, interest, penalties, and fees owed on the property are paid, the time within which forfeited unpaid delinquent taxes, interest, penalties, and fees must be paid, and the names, addresses, and telephone numbers of agencies or other resources that may be available to assist a person with an interest in the property with avoiding the loss of the property interest and any equity associated with the property interest. The notice must include the internet website address for the legal resource and referral center of the state bar of Michigan and the toll-free telephone number for the state bar of Michigan's lawyer referral service. The notice also must include an explanation of the right of a person with an interest in the property at the time a judgment of foreclosure of the property is effective under [MCL 211.78k] to claim that person's interest in any remaining proceeds pursuant to [MCL 211.78t] after a sale or transfer of the property under [MCL 211.78m]. [MCL 211.78i(3)(d).]

If the FGU discovers any deficiency in the provision of notice, it must "take reasonable steps in good faith to correct that deficiency not later than 30 days before the show cause hearing under [MCL 211.78j], if possible." MCL 211.78i(4). Relevantly, MCL 211.78i(2) provides that, if a deficiency in notice to a business entity is discovered, then searching business entity records filed with Michigan Department of Licensing and Regulatory Affairs (LARA) is a reasonable step to determine the applicable address to send notice. The FGU must also provide notice by publication if it "is unable to ascertain an address reasonably calculated to apprise a person with a property interest entitled to notice under this section, or is unable to notify a person with a property interest under subsection (2)[.]" MCL 211.78i(5). Before the foreclosure hearing, the FGU must file proof of service of the notices required under the GPTA, proof of the personal visit to the property, and proof of publication. MCL 211.78k(1).

If the property owner does not redeem the forfeited property by the March 31 immediately following the entry of an uncontested judgment of foreclosure, fee simple title to the property vests absolutely to the FGU without any further redemption rights. MCL 211.78k(6). As our Supreme Court explained in *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 8; 732 NW2d 458 (2007) (*Perfecting Church*), the circuit court does not have jurisdiction to set aside a judgment of foreclosure after the redemption and appeal periods expire:

> If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure. MCL 211.78k(6) vests *absolute*

*title* in the foreclosing governmental unit, and if the taxpayer does not redeem the property or avail itself of the appeal process in [MCL 211.78k(7)], then title "*shall not* be stayed or held invalid . . . ."[5]  This language reflects a clear effort to limit the jurisdiction of courts so that judgments of foreclosure may not be modified other than through the limited procedures provided in the GPTA.

However, the circuit court is not deprived of jurisdiction in cases where "there has been a failure to satisfy minimum due process requirements." *Id*. at 10.  See also MCL 211.78(2) ("The failure of this state or a political subdivision of this state to follow a requirement of this act relating to the return, forfeiture, or foreclosure of property for delinquent taxes shall not be construed to create a claim or cause of action against this state or a political subdivision of this state unless the minimum requirements of due process accorded under the state constitution of 1963 or the constitution of the United States are violated.").

In this case, plaintiff contends that the Wayne County Treasurer did not provide constitutionally adequate notice of the foreclosure proceeding and thus the circuit court had jurisdiction to consider plaintiff's challenge to the judgment of foreclosure.  The adequacy of the notice provided under the GPTA is determined by state and federal due process standards rather than by specific provisions of the Act.  *Republic Bank v Genesee Co Treasurer's Petition*, 471 Mich 732, 737; 690 NW2d 917 (2005), citing MCL 211.78(2).  In most cases, the GPTA "provides an appropriate procedure for foreclosing property because the statute requires notices that are consistent with minimum due process standards." *Perfecting Church*, 478 Mich at 8.

The record indicates that the Wayne County Treasurer sent plaintiff notice of the pending foreclosure proceedings by certified mail and first-class mail to the postal addresses listed on the last recorded deed in the chain of title for each property and to the addresses listed for the tax bills. At the time the notices were sent, sending mail to each of these addresses was a method reasonably calculated to notify plaintiff of the proceedings because the property deeds listed plaintiff's postal addresses and the Royal Oak and Russell Street addresses were on file with the city assessor.  See *Sidun*, 481 Mich at 513.  The Wayne County Treasurer also posted notice at each of the properties and published notice in the Detroit Legal News.

Plaintiff contends that the notices did not meet minimum due process standards because two of the certified mailings were not delivered and notice was not sent to plaintiff's Florida address.  Plaintiff asserts that the Wayne County Treasurer had a duty to take reasonable steps in a reasonable amount of time to correct the deficiency in notice once it learned that two of the certified mailings were not delivered.  Plaintiff argues that a search of the land records would have revealed plaintiff's Florida address on the 2016 quitclaim deed for the Outer Drive property and thus the Wayne County Treasurer should have sent notices to the Florida address for both the Outer Drive property and the St. Marys property.  We find no merit in this argument.

---

[5] MCL 211.78k was amended effective March 2, 2020 by 2020 PA 33.  The current language states that the FGU's title "must not be stayed or held invalid . . . ."  MCL 211.78k(6).

"To identify all interest-holders in the property under MCL 211.78i(1), the county treasurer was required to consult the deed to the property." *Id*. The Wayne County Treasurer mailed notice to the postal address identified on the last recorded deed in the chain of title for each property. "[N]either due process nor the GPTA generally requires a foreclosing entity to send notice to all addresses that the entity has, or could have, discovered." *Id*. at 515. "Although the government must take reasonable additional steps to notify the owner, it is not required to go so far as to "search[ ] for [an owner's] new address in the . . . phonebook and other government records such as income tax rolls." *Id*. at 512, quoting *Jones*, 547 US at 235-236. The warranty deed to the Outer Drive property was the last recorded deed in the chain of title at the time that the Wayne County Treasurer provided notice of the foreclosure, and the deed did not include the Florida address. The post office confirmed that the notice sent by certified mail to plaintiff's postal address on the warranty deed was delivered. Although there was no confirmation that the notice sent by certified mail to the Russell Street address on file with the tax assessor was delivered, searching land records that predated the last recorded deed in the chain of title and sending notice to an address listed on a prior deed are not reasonable follow-up measures. See *Sidun*, 481 Mich at 514-515 (concluding that the address reasonably calculated to reach the plaintiff, who was entitled to notice, "was her home address that was listed on the recorded deed in defendant's possession."). Further, the record does not establish that the Wayne County Treasurer should have believed that sending notice to the Florida address would be reasonably calculated to reach plaintiff, a person entitled to notice for the St. Marys property, when there is no evidence that the Florida address appeared on any deed in the chain of title for the St. Marys property.[6]

If an FGU discovers a deficiency in notice to a business entity, such as plaintiff, the GPTA states that searching business entity records filed with LARA is a reasonable step "to ascertain an address necessary to correct the deficiency in notice under subsection (4)." MCL 211.78i(2). But the record does not reflect that plaintiff's Florida address, or any other address, was filed with LARA at any time before the foreclosure proceedings.

The GPTA also requires an FGU to provide notice by publication if it "is unable to ascertain an address reasonably calculated to apprise a person with a property interest entitled to notice under this section, or is unable to notify a person with a property interest under subsection (2)[.]" MCL 211.78i(5). In addition to the mailings and the personal visits to the subject properties, the Wayne County Treasurer published notice. Although our Supreme Court has held that newspaper publication is a formality that is unlikely to provide actual notice, see *Dow*, 396 Mich at 207-208, newspaper publication, when considered together with notice sent by first-class mail and certified mail, the recorded certificate of forfeiture, and the posted notice, demonstrates constitutionally sufficient notice that satisfies due process. See *Sidun*, 481 Mich at 509-515. Moreover, when the circuit court entered the judgment of foreclosure, it found "that all those entitled to notice and an opportunity to be heard have been provided that notice and opportunity[,]" but plaintiff did not move to set aside the judgment or file an appeal.

---

[6] There is no evidence in the record that the Outer Drive and St. Marys properties were linked in the land records so that the Wayne County Treasurer would be on notice that the properties were owned by the same entity.

Plaintiff further argues that minimum requirements for due process were not met because the notices did not contain all of the statutorily required information. MCL 211.78i(7) provides, in relevant part, that the notices required under MCL 211.78i(2) (certified mailing) and (3) (posting at the subject property) must include all of the following:

(a) The date on which the property was forfeited to the county treasurer.

(b) A statement that the person notified may lose that person's interest in the property *and any equity associated with that property interest* as a result of the foreclosure proceeding under [MCL 211.78k].

(c) A legal description or parcel number of the property and, if available, the street address of the property.

(d) The person to whom the notice is addressed.

(e) The total taxes, interest, penalties, and fees due on the property.

(f) The date and time of the show cause hearing under [MCL 211.78j].

(g) The date and time of the hearing on the petition for foreclosure under [MCL 211.78k], and a statement that unless the forfeited unpaid delinquent taxes, interest, penalties, and fees are paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under [MCL 211.78k], or in a contested case within 21 days of the entry of a judgment foreclosing the property under [MCL 211.78k], the title to the property will vest absolutely in the foreclosing governmental unit . . . .

* * *

(h) An explanation of the person's rights of redemption and notice that the rights of redemption will expire on the March 31 immediately succeeding the entry of a judgment foreclosing the property under [MCL 211.78k], or in a contested case 21 days after the entry of a judgment foreclosing the property under [MCL 211.78k].

(i) *An explanation of the right of a person with an interest in the property at the time a judgment of foreclosure of the property is effective under [MCL 211.78k] to claim that person's interest in any remaining proceeds pursuant to [MCL 211.78k] after a sale or transfer of the property under [MCL 211.78m].*

(j) *The internet website address for the legal resource and referral center of the state bar of Michigan and the toll-free telephone number for the state bar of Michigan's lawyer referral service.* [Emphasis added.]

The published notice required under MCL 211.78i(5) must also include much of the same information stated in MCL 211.78i(7). MCL 211.78i(8).

Plaintiff is correct that the hearing notices mailed by the Wayne County Treasurer by certified mail omitted the information required by MCL 211.78i(7)(b), (i), and (j). But an FGU's failure "to comply with any provision of [MCL 211.78i] does not invalidate any proceeding under [the GPTA] if the person with a property interest is notified of the show cause hearing under [MCL 211.78j] and the foreclosure hearing under [MCL 211.78k] consistent with the minimum due process required under the state constitution of 1963 and the Constitution of the United States." MCL 211.78i(10). The record establishes that the Wayne County Treasurer complied with the GPTA by providing notice to plaintiff by the statutorily specified methods. Although the certified mailings to the addresses on file with the tax assessor were not delivered, there is no evidence that the certified or the first-class mailings were not delivered to the subject property addresses, which were listed as plaintiff's postal address on each deed. The notices were also published and posted on each property during personal visits by representatives of the Wayne County Treasurer.[7] Although some of the statutory information was missing from the notices, the Wayne County Treasurer satisfied the minimum constitutional due process requirements by following the statutory scheme and notifying plaintiff of the show-cause and foreclosure hearings.

We also reject plaintiff's argument that summary disposition was prematurely granted because it did not have an opportunity to engage in discovery. "A motion under MCR 2.116(C)(10) is generally premature if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position." *NL Ventures VI Farmington, LLC v City of Livonia*, 314 Mich App 222, 240; 886 NW2d 772 (2015) (cleaned up). However, "the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). When the opposing party believes that summary disposition is premature, that party "must offer the required MCR 2.116(H) affidavits, with the probable testimony to support its contentions." *Id*. at 292-293.

Plaintiff did not offer the required MCR 2.116(H) affidavit with the probable testimony to support its belief that it would be able to discover evidence to set aside the uncontested judgment of foreclosure. See *Marilyn Froling Revocable Trust*, 283 Mich App at 292-293. Instead, plaintiff argued that the evidence the county defendants relied on in support of their motion did "not have evidentiary support" and asserted that it should be afforded an opportunity to conduct discovery regarding the Wayne County Treasurer's foreclosure process. In relation to a motion for summary disposition, the parties must present "substantively admissible" evidence for the court's review; the evidence "must be admissible in content," but need not "be in admissible form." *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009). Moreover, the judgment of foreclosure reflects that the circuit court found "that all those entitled

---

[7] We also find no merit in plaintiff's argument that the notices addressed to the occupant and posted on the front door of the premises did not satisfy due process. See *Jones*, 547 US at 235(finding that posting notice on the front door or addressing otherwise undeliverable mail to the "occupant" is a reasonable follow-up measure).

to notice and an opportunity to be heard have been provided that notice and opportunity." Plaintiff has not demonstrated that summary disposition was premature.

Accordingly, the trial court did not err by granting summary disposition to the county defendants on plaintiff's claims to quiet title and for inverse condemnation.

## IV. SURPLUS PROCEEDS

Plaintiff further argues that the trial court erred by dismissing its claim for surplus proceeds because the foreclosure notices did not satisfy due process regarding the deprivation of proceeds from the tax sale.

In 2020, our Supreme Court held that former owners of properties sold at tax-foreclosure sales for more than what was owed in taxes, interests, penalties, and fees have "a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties." *Rafaeli*, 505 Mich at 484. The Court concluded that this right was not extinguished by the vesting of fee simple title to the properties with the FGU, and therefore, the FGU's "retention and subsequent transfer of those proceeds into the county general fund amount[s] to a taking of plaintiffs' properties under Article 10, § 2 of [Michigan's] 1963 Constitution," and the former owners were entitled to just compensation in the form of the return of the surplus proceeds. *Id*. at 484-485.

In response to *Rafaeli*, our Legislature passed 2020 PA 255 and 2020 PA 256, which were given immediate effect on December 22, 2020. 2020 PA 256 added MCL 211.78t to the GPTA. MCL 211.78t provides the means for foreclosed property owners to claim and receive any applicable surplus from the tax-foreclosure sale of their former properties. In particular, former property owners whose homes were sold or transferred after July 17, 2020, and who intend to claim any surplus proceeds, must notify the FGU of their intent by submitting Department of Treasury Form 5743 "by the July 1 immediately following the effective date of the foreclosure of the property." MCL 211.78t(2). If a former property owner provides the statutory notice, then by the January 31 immediately following the sale or transfer of foreclosed properties, the FGU must notify the claimant of, among other things, whether there is a surplus and inform the claimant that a motion must be filed in the circuit court in the foreclosure proceeding to recover any remaining proceeds. MCL 211.78t(3)(k).

In *In re Muskegon Co Treasurer for Foreclosure,* 348 Mich App 678, 683; 20 NW3d 337 (2023), this Court held that the procedural requirements stated in MCL 211.78t, including the notice requirement, are constitutional. Pertinently, this Court held, "If the statutory scheme is followed by the former owner and FGU, there will be no constitutional deprivation like the one in *Rafaeli*. This is all that due process requires in this situation." *Id*. at 696. Like the respondents in *Muskegon Treasurer*, plaintiff did not file the notice required by MCL 211.78t(2) by the July 1 deadline in this case. However, unlike the Wayne County Treasurer, the petitioner in *Muskegon Treasurer* followed the statutory scheme by providing the respondents with notices that adequately informed them of "their right to claim any excess proceeds and told them how to express their intent to exercise that right." *Id*. Specifically, MCL 211.78i(7)(i) requires that mailed and posted notices of the show-cause and judicial foreclosure hearings "include . . . [a]n explanation of the right of a person with an interest in the property at the time a judgment of foreclosure of the

-12-

property is effective . . . to claim that person's interest in any remaining proceeds pursuant to section 78t . . . ." An FGU must include the same explanation in published notices, see MCL 211.78i(8)(h), and certificates of forfeiture recorded with the register of deeds, see MCL 211.78g(2).

In this case, the mailed and posted notices of the show-cause and judicial foreclosure hearings did not include MCL 211.78i(7)(i)'s mandatory language regarding plaintiff's right to claim its interest in surplus proceeds. Likewise, the published notice omitted the explanation required by MCL 211.78i(8)(h). However, the language was included in the certificates of forfeiture recorded with the register of deeds as mandated by MCL 211.78g(2). And the Wayne County Treasurer also purportedly mailed, by first-class mail on May 9, 2022 (after the judgment of foreclosure was entered), notices regarding plaintiff's right to claim remaining foreclosure auction proceeds. These notices were allegedly addressed to plaintiff at each of the subject properties. The trial court found, "[O]n the issue of surplus proceeds the Treasurer's [sic] also demonstrated the Plaintiff was provided notice of its rights and failed to comply with the procedure set forth in MCL 2.117.78t [sic] . . . ."

In *In re Kent County Treasurer for Foreclosure*, __ Mich App __; __ NW3d __ (2025) (Docket Nos. 363463, 363766, 363808, 364114), this Court recently examined whether due process requires an FGU to provide a former property owner specific notice regarding the potential forfeiture of surplus proceeds resulting from a tax-foreclosure sale of their property prior to stripping the former owner of their entitlement. This Court concluded "that the former property owner is . . . constitutionally entitled to receive notice from the FGU regarding the right to claim any surplus proceeds" and "[t]his notice must be provided before the FGU can deprive the property owner of these surplus proceeds." *Id*. at __; slip op at 13. This Court further explained:

> We recognize that a notice of foreclosure proceedings alone fails to adequately inform property owners regarding the potential loss of any surplus funds. Moreover, such notices do not convey the necessary steps for property owners to safeguard their claims to these surplus proceeds. To rectify this issue, we hold that it is imperative to provide explicit notifications that detail the right to claim any remaining proceeds, as outlined in MCL 211.78i, and the procedures specified in MCL 211.78t. These statutes enacted following *Rafaeli* ensure that property owners receive the minimum constitutionally sufficient notice prior to the withholding of any remaining or surplus funds. This approach aligns with our findings in *Muskegon Treasurer*, where we concluded that the legislative framework established to protect the rights affirmed in *Rafaeli* comports with the minimal requirements of due process. [*Id*. at __; slip op at 13.]

If a former property owner was provided with constitutionally adequate notice of their right to claim surplus proceeds in accordance with MCL 211.78t, "then due process was not violated by treating that right as forfeited based on the [former property owner's] failure to comply with the July 1 deadline for filing Form 5743 required under MCL 211.78t(2)." *Id*. at __; slip op at 14. But if a former property owner was not provided with constitutionally adequate notice, "then the former property owner is entitled to the surplus proceeds in accordance with *Rafaeli* and MCL

-13-

211.78t because the [former property owner] would otherwise be deprived of the vested right to surplus proceeds without due process of law." *Id*. at __; slip op at 14.[8]

In this case, none of the hearing notices contained the statutory language informing plaintiff of its right to claim surplus proceeds in accordance with MCL 211.78t. However, the language was included in the certificates of forfeiture filed with the register of deeds several months before the foreclosure hearing. After the judgment of foreclosure was entered, the Wayne County Treasurer purportedly mailed notices to each property address advising plaintiff of its right to claim surplus proceeds. But there is no proof of mailing in the record. The only evidence that plaintiff was provided notice of its right to claim surplus proceeds was the statement included on the certificates of foreclosure. However, the trial court did not analyze whether this was constitutionally adequate notice because it concluded that it did not "have jurisdiction to do anything but grant Defendant's [sic] motion." Accordingly, we reverse the trial court's grant of summary disposition to the county defendants regarding plaintiff's claim for surplus proceeds and remand to the trial court to make specific findings whether the Wayne County Treasurer provided plaintiff with constitutionally adequate notice of its right to claim surplus proceeds in accordance with MCL 211.78t.

For the reasons stated here, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Sima G. Patel
/s/ Christopher P. Yates

---

[8] In *Kent Treasurer*, this Court noted that "the specific issue whether the counties were constitutionally required to provide notice specifically related to the right to claim surplus proceeds does not appear to have been squarely addressed by any of the circuit courts in these cases." *Id*. at __; slip op at 13-14. Consequently, this Court remanded the matters and instructed the trial courts to "make specific findings whether the FGU's [sic] provided respondents with constitutionally adequate notice of their right to claim surplus proceeds in accordance with MCL 211.78t." *Id*. at __; slip op at 14.

-14-